TORRES ET AL., APPELLANTS, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Re- fusing to Record a Possessory Title.

No. 457.—Decided February 16, 1920.

RECORD OF TITLE — POSSESSORY TITLE PROCEEDING — JURISDICTION. — When the property involved in a possessory title proceeding is situated in a town or place where there is no district court, the interested persons may bring the proceeding either in the municipal court of the place where the property is situated or in the district court of the corresponding judicial district, at their option. The two courts have concurrent jurisdiction.

ID.—ID.—WITNESSES.—It was proper for the registrar to refuse to record a pos- sessory title where the witnesses who testified at the proceeding were not resident property owners of the municipality in which the property was sit- uated.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Florencio Torres and Dámaso Caraballo brought a posses-

sory title proceeding in the District Court of Guayama to establish their possession as owners of a rural property situated in Patillas. The proceeding was prosecuted according to the formalities prescribed by the Mortgage Law and the court finally held that the possession had been proved and directed that the title be recorded in the district registry. The original record was presented in the registry and the registrar refused to record it because "the proceeding was brought in the district court of this city instead of in the Municipal Court of Patillas, the court having jurisdiction in this case, and because witnesses Luis Texidor and Antero Aponte, who testified at the hearing, are not residents of Patillas and the said Antero Aponte is not a property owner of that municipality."

1. The registrar's first ground of refusal to record the title is without merit. According to article 390 of the Mortgage Law, possessory title proceedings are brought, as a general rule, in the court of first instance, now the district court, of the district in which the property is situated, and "if the property should be situated in a town or district in which there is no judge of first instance, the proceedings may be had before the municipal judge." Therefore it is optional with the parties in a case like this to bring the proceedings in the district court or in the municipal court. The two courts have concurrent jurisdiction. See Galindo's opinion to that effect at page 613, volume 4, of the fourth edition of his *Legislación Hipotecaria.*

2. The second ground is well founded. The statue provides that "in the proceedings two or more witnesses shall be heard, who shall be residents and landowners of the town or municipal district in which the property may be situated." And in this case the original record shows that of the two witnesses who testified one failed to state where he resided and the other said that he was a resident of Guayama, a different municipality from the one in which the property

is situated. See Galindo's *Legislación Hipotecaria,* volume 4, page 605, and the decisions of the Colonial Minister of March 13, 1897, and of the General Directorate of Registries of July 13, 1863, cited. In the latter it was held that proceedings are not recordable if the witnesses are neither residents nor property owners of the municipality in which the property is situated, although it may be alleged that the petitioner has no acquaintance in that municipality, which is understood as the body of residents subject to the same municipal government. (R. O. of April 26, 1867.) The exact idea of .what is a town or municipality has not been changed by the laws now in force in this Island.

The case of *Ramos* v. *Registrar of Property,* 18 P. R. R. 16, upon which the appellant relies, does not support his theory. In that case the witnesses testified as to their residence, etc., and the lower court held that they met the statutory requirements. This court, following the decision of the General Directorate of Registries of Spain of March 8, 1892, laid down the following doctrine:

"It appearing from the record that the witnesses testified under oath and in the presence of the judge as to their residence and as to whether or not they owned property, and that the judge held that such requirement of the law had been duly proven, such finding of the judge should be accepted by the registrar."

But here no such finding could be made. As we have said, one of the witnesses was silent as to his residence and the other testified positively that he was a resident of another municipality. Hence, one of the statutory requirements was lacking and consequently the registrar was justified in refusing to record a possessory title proceeding invalid in law.

As to whether they were property owners, one of the witnesses testified that he owned property in Patillas, the municipality in which the property in suit is situated. The other witness said that he also owned property, but did not state where. He was then asked whether he owned property in

Carite. He answered that he had owned property there, but had sold it. His testimony was not as explicit as it might have been, for it did not show definitely that he was a Patillas landowner, as required by law.

In view of all the foregoing we are of the opinion that the refusal of the registrar to record the possessory title proceeding in question should be affirmed on its second ground.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.